IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 19-933 |
| ) | |
| WEST PENN ALLEGHENY HEALTH ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Anthony Joseph ("Joseph") has filed a Motion to Compel Discovery with respect to certain document requests directed to Defendant West Penn Allegheny Health System, Inc. ("AGH"). While the motion originally related to two document requests, AGH advises that the parties have resolved the issues related to one of the two. The remaining matter in dispute will be addressed in this Order.

The parties disagree regarding Request No. 10 in Joseph's First Interrogatories and Request for Production of Documents Directed to Defendant (attached as Exhibit 1 to Joseph's Motion to Compel). Request No. 10 seeks emails and other documents sent or received by AGH and/or its agents/employees from May 1, 2015, to the present that include various search terms that are specified in the request. Joseph asserts that the request was tailored to capture electronically stored information ("ESI") using key words related to issues in this case and limited in time starting when Ramadevi Kalla became his supervisor and extending to the present time. AGH objected to producing any documents in response to this request.

According to Joseph, his request is proportional to the needs of this case and AGH has failed to establish that the production of the requested documents would be unduly burdensome. He asserts that the ESI search is designed to capture information specific to the key individuals,

claims, and incidents in this case and is limited to the period between when Ms. Kalla became his supervisor and the present time.

In opposing Joseph's motion, AGH states that the search terms proposed in Request No. 10 are overly broad as they elicit a disproportionate amount of information from an unlimited number of custodians. According to AGH, a preliminary analysis of the proposed search terms resulted in approximately 50,000-60,000 emails and attachments, a volume that is not proportional to the needs of this case, and AGH's sampling of responsive hits revealed at least some completely unrelated emails.  Even with the search narrowed to four custodians, a search still resulted in over 40,000 emails.  (This more limited search was not satisfactory to Joseph as it did not include other key people.)  Further, AGH argues, the search terms would not elicit relevant ESI because the conduct at issue in this case is "verbal abuse, harassment and mistreatment" that occurred during in-person interactions between Joseph and Ms. Kalla, information that would not be captured in emails.  In addition, AGH notes that it has already provided information and documents regarding Ms. Kalla, as well as those related to employee dissatisfaction with her and an internal investigation of her conduct.

The Court has reviewed the submissions of the parties as well as the authorities on which they rely.  The number of documents at issue and the time it may take to review those documents certainly are not the only factors to be considered in assessing proportionality.  *See* Fed. R. Civ. P. 26(b)(1).  At the same time, the time and potential cost of reviewing the ESI generated by the search must be balanced against the probative value of these emails.  As AGH notes in its opposition to the Motion to Compel, producing all emails and other documents that were sent or received by AGH and/or its agents and/or employees that include the first or last names of Joseph or Ms. Kalla and one of eight search terms, including words such as "understand," have elicited a

broad swath of documents. Moreover, AGH notes that the alleged conduct of Ms. Kalla was verbal in nature, and therefore, electronic communications, including those with words like "harass," "complaint" or "problem," would not reveal Ms. Kalla's alleged behavior or relate to Mr. Joseph's alleged damages.  Simply put, Request No. 10 is not proportional to the needs of this case. However, Joseph certainly may proceed to serve a request for production that specifically defines the subject matter and scope of the documents he seeks and then, if necessary, negotiate appropriate search terms.

For these reasons, Plaintiff's Motion to Compel Discovery is **DENIED**.

**SO ORDERED** this 11th day of February 2021.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge